SUMMONS ISSUED   ＊FILED＊

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RYAN HUMPHREYS,

Plaintiff,

-against-

CITY OF NEW YORK, JONMICHAEL RAGGI, Individually,
IGNAZIO CONCA, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiff RYAN HUMPHREYS, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States. Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff RYAN HUMPHREYS is a twenty-nine year old man who resides in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JONMICHAEL RAGGI, IGNAZIO CONCA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On February 9, 2011, at approximately 12:00 p.m., plaintiff was lawfully inside of 1 Richmond Terrace, Staten Island, New York, the Staten Island Ferry Terminal, waiting for the ferry to Manhattan.

13.     While inside the terminal waiting area, defendant officer, JOHN DOE 1, without cause of justification, searched plaintiff, by patting down plaintiff's body and legs, searching inside of plaintiff's pockets, shoes and hat, and around plaintiff's ankles.

14.     Defendant JOHN DOE 1 allowed plaintiff to place his belongings back in his pockets, put his hat back on, and did not handcuff him.

15.     Thereafter, another male defendant officer, JOHN DOE 2, searched plaintiff a subsequent time.

16.     Defendant JOHN DOE 2 searched inside of plaintiff's coat pockets, and placed handcuffs on plaintiff wrists.

17.     While plaintiff was handcuffed, defendant JOHN DOE 2 continued searching plaintiff, including searching inside of his pants pockets.

18.     Defendant JOHN DOE 2 then removed plaintiff's belt, unbuttoned and unzipped plaintiff's pants, lifted plaintiff's genitals with his hand and searched inside his underwear.

19.     JOHN DOE 1 stood by and watched this improper search, yet did nothing to intervene.

20.     After zipping plaintiff's pants back up, Defendant JOHN DOE 2 again searched plaintiff's ankle area.

21.     Neither officer recovered any contraband from plaintiff nor did they have probable cause to believe plaintiff had committed a crime.

3

22.     Notwithstanding the fact that plaintiff had not committed any crime or offense, the defendant officers imprisoned plaintiff in a police vehicle for approximately three hours, before transporting plaintiff to a police precinct stationhouse, where plaintiff was imprisoned therein.

23.     The defendant officers imprisoned plaintiff until his arraignment the next day in Richmond County Criminal on baseless charges filed under docket number 2011RI001292; said charges having been filed based on the false allegations of defendant JONMICHAEL RAGGI. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and/or for other improper motives.

24.     The malicious prosecution compelled plaintiff to return to Court until on or about August 16, 2011, when the false charges filed against him were dismissed and sealed in Richmond County Criminal Court.

25.     JOHN and JANE DOE 3 through 10, were also present, and participated in and or failed to intervene in the above described acts.

26.     Defendant CONCA supervised defendants RAGGI and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees.

28.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK

4

is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding proper searches and seizures and that many officers engage in a practice of falsification.

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff RYAN HUMPHREYS sustained, *inter alia*, physical discomfort, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

5

34.     All of the aforementioned acts deprived plaintiff RYAN HUMPHREYS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiff RYAN HUMPHREYS without probable cause,

6

causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     Defendants caused plaintiff RYAN HUMPHREYS to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     A defendant officer unreasonably searched plaintiff RYAN HUMPHREYS by placing his hand in plaintiff's pants and touching his genitalia.

45.     Defendants caused RYAN HUMPHREYS to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

46.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

7

48.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff RYAN HUMPHREYS.

49.     Defendants caused plaintiff RYAN HUMPHREYS to be prosecuted without any probable cause until the charges were dismissed on or about August 16, 2011.

50.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants issued criminal process against plaintiff RYAN HUMPHREYS by causing his arrest and prosecution in Richmond County Criminal Court.

53.     Defendants caused plaintiff RYAN HUMPHREYS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

54.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

8

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

57.     As a result of the foregoing, plaintiff RYAN HUMPHREYS was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

58.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants had an affirmative duty to intervene on behalf of plaintiff RYAN HUMPHREYS, whose constitutional rights were being violated in their presence by other officers.

61.     The defendants failed to intervene to prevent the unlawful conduct described herein.

62.     As a result of the foregoing, plaintiff RYAN HUMPHREYS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated

and subjected to handcuffing and other physical restraints.

63.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

66.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69.     The aforementioned customs, policies, usages, practices, procedures and rules of

10

the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals and/or for other improper motives.

70.    In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff RYAN HUMPHREYS'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RYAN HUMPHREYS.

72.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RYAN HUMPHREYS as alleged herein.

73.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RYAN HUMPHREYS as alleged herein.

74.    As a result of the foregoing customs, policies, usages, practices, procedures and

11

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff RYAN

HUMPHREYS was unlawfully arrested, illegally searched, and maliciously prosecuted.

75.     Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff RYAN HUMPHREYS'S constitutional

rights.

76.     All of the foregoing acts by defendants deprived plaintiff RYAN HUMPHREYS

of federally protected rights, including, but not limited to, the right:

    A.  Not to be deprived of liberty without due process of law;

    B.  To be free from false arrest/unlawful imprisonment;

    C.  To be free from unreasonable searches;

    D.  To be free from the failure to intervene;

    E.  To be free from malicious prosecution; and

    F.  To be free from malicious abuse of process.

77.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

80.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

82.     This action falls within one or more of the exceptions as outlined in C.F.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants arrested plaintiff RYAN HUMPHREYS without probable cause.

85.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

86.     As a result of the aforementioned conduct, plaintiff RYAN HUMPHREYS was unlawfully imprisoned in violation of the laws of the State of New York.

87.     As a result of the aforementioned conduct, plaintiff RYAN HUMPHREYS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     As a result of the foregoing, plaintiff RYAN HUMPHREYS was placed in apprehension of imminent harmful and offensive bodily contact.

91.     As a result of defendant's conduct, plaintiff RYAN HUMPHREYS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendants made offensive contact with plaintiff RYAN HUMPHREYS without privilege or consent.

95.     As a result of defendants' conduct, plaintiff RYAN HUMPHREYS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

14

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff RYAN HUMPHREYS.

99.     Defendants caused plaintiff RYAN HUMPHREYS to be prosecuted without probable cause until the charges were dismissed on or about August 16, 2011.

100.    As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Defendants issued criminal process against plaintiff RYAN HUMPHREYS by causing him to be arrested, arraigned and prosecuted in criminal court.

103.    Defendants caused plaintiff RYAN HUMPHREYS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

15

104. As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

107. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

108. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

109. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff RYAN HUMPHREYS.

110. As a result of the aforementioned conduct, plaintiff RYAN HUMPHREYS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

111. As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff RYAN HUMPHREYS.

114.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff RYAN HUMPHREYS.

118.    As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to

17

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

119.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121.   As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

122.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

18

124.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

125.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.     As a result of defendants' conduct, plaintiff RYAN HUMPHREYS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

127.     As a result of the foregoing, plaintiff RYAN HUMPHREYS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

19

**WHEREFORE**, plaintiff RYAN HUMPHREYS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 9, 2012

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By: _____
                                   BRETT H. KLEIN (BK4744)

                              Attorneys for Plaintiff RYAN HUMPHREYS